1   MORGAN, LEWIS & BOCKIUS LLP
    Lisa Veasman, Bar No. 259050
2   lisa.veasman@morganlewis.com
    300 S. Grand Avenue, Suite 2200
3   Los Angeles, CA 90071
    Tel:   +1.213.612.2500
4   Fax:   +1.213.612.2501

5   Brian T. Ortelere (*pro hac vice*)
    brian.ortelere@morganlewis.com
6   1701 Market Street
    Philadelphia, PA 19103
7   Tel:   +1.215.963.5000
    Fax:   +1.215.963.5001
8
    [Additional Counsel on Next Page]
9
    Attorneys for Defendants
10  BOARD OF TRUSTEES OF
    SUPPLEMENTAL INCOME TRUST FUND;
11  RICHARD BARBOUR; ROME A. ALOISE;
    KEITH FLEMING; CARLOS BORBA;
12  and CLARK RITCHEY

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16  FELIPE YBARRA and CESARIO          Case No. 8:17-cv-02091-JVS-E
    SERRATO, Individually and as
17  representatives of a class consisting of   **STIPULATED PROTECTIVE
    the participants and beneficiaries of the  AND CONFIDENTIALITY
18  Supplemental Income 401(K) Plan,           ORDER**

19              Plaintiffs,

20  vs.                                Complaint filed:   Nov. 30, 2017

21  BOARD OF TRUSTEES OF               Magistrate Judge:  Charles F. Eick
    SUPPLEMENTAL INCOME TRUST
22  FUND, *et al.*,

23              Defendants.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    [Additional Counsel]

2    Donald L. Havermann (*pro hac vice*)
     donald.havermann@morganlewis.com
3    Sean K. McMahan (*pro hac vice*)
     sean.mcmahan@morganlewis.com
4    1111 Pennsylvania Avenue, NW
     Washington, DC 20004
5    Tel:   +1.202.739.3000
     Fax:  +1.202.739.3001
6
     Attorneys for Defendants
7

8    FRANK SIMS & STOLPER LLP
     Andrew D. Stolper (Bar No. 205462)
9    astolper@lawfss.com
     Jason M. Frank (Bar No. 190957)
10   jfrank@lawfss.com
     Scott H. Sims (Bar No. 234148)
11   ssims@lawfss.com
     19800 MacArthur Blvd., Suite 855
12   Irvine, California 92612
     Telephone:  (949) 201-2400
13   Facsimile:  (949) 201-2405

14   FRANKLIN D. AZAR & ASSOCIATES
     Jonathan Parrott (Bar No. 248652)
15   parrottj@fdazar.com
     14426 East Evans Avenue
16   Aurora, CO 80014
     Telephone:  (303) 757-3300
17   Facsimile:  (303) 759-5203

18   Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## GOOD CAUSE STATEMENT

This action involves claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA").  This action is likely to involve commercial, financial, individually identifiable, protected, confidential, and/or proprietary information for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted.  In particular, discovery in this action is likely to involve the identification of a significant amount of personal financial information.  Furthermore, certain documents and information exchanged in discovery may be of a particularly sensitive and confidential nature, such that public disclosure of such documents or information could cause competitive injury to the parties to this litigation or to certain third parties.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## STIPULATION

Plaintiffs Felipe Ybarra and Cesario Cerrato ("Plaintiffs") and Defendants the Board of Trustees of the Supplemental Income Trust Fund, Richard Barbour, Rome A. Aloise, Keith Fleming, Carlos Borba, and Clark Ritchey ("Defendants") (collectively, the "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1   the terms of this Stipulated Protective Order as follows, subject to the Definitions
2   and other provisions contained herein.

3   1.  **DEFINITIONS**

4       a.  <u>Action</u>: *Ybarra, et al. v. Board of Trustees of Supplemental Income*
5           *Trust Fund, et al.*, Civil Action No. 8:17-cv-02091 (C.D. Cal.).

6       b.  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless
7           of how it is generated, stored or maintained) or tangible things that
8           qualify for protection under Federal Rule of Civil Procedure 26(c),
9           and as specified above in the Good Cause Statement.

10      c.  <u>Designating Party</u>: a Party or Non-Party that designates
11          information or items that it produces in disclosures or in responses
12          to discovery as "CONFIDENTIAL."

13      d.  <u>Discovery Material</u>: all items or information, regardless of the
14          medium or manner in which it is generated, stored, or maintained
15          (including, among other things, testimony, transcripts, and tangible
16          things), that are produced or generated in disclosures or responses
17          to discovery in this matter.

18      e.  <u>Expert</u>: a person with specialized knowledge or experience in a
19          matter pertinent to the litigation who has been retained by a Party
20          or its counsel to serve as an Expert witness or as a consultant in this
21          Action.

22      f.  <u>Non-Party</u>: any natural person, partnership, corporation,
23          association, covered entity (as defined by 45 C.F.R. § 160.103), or
24          other legal entity not named as a Party to this action.

25      g.  <u>Party</u>: any party to this Action, including all of its officers,
26          directors, employees, consultants, retained Experts, and counsel of
27          record (and their support staffs).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1    h. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

2       Discovery Material in this Action.

3    i. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

4       Material from a Producing Party.

5    2.    This Protective Order shall apply to all documents, materials, and

6 information, including without limitation documents produced, answers to

7 interrogatories, responses to requests for admission, deposition testimony, and other

8 information disclosed pursuant to the disclosure or discovery duties created in the

9 Action by the Federal Rules of Civil Procedure.

10    3.    As used in this Protective Order, the term "document" shall mean all

11 documents, electronically stored information, and tangible things within the scope

12 of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a

13 separate document within the meaning of this term.

14    4.    Discrete Discovery Materials that the Producing Party reasonably

15 believes in good faith to include personal information, trade secrets, or sensitive

16 strategic, technical, marketing, or financial information and that the Producing

17 Party reasonably fears would, if publicly-disclosed, cause competitive injury (to the

18 Producing Party or third parties), may be designated as "CONFIDENTIAL" by the

19 Producing Party. The Party who so designates Discovery Materials as

20 CONFIDENTIAL may at any time revoke that designation. No Party or third party

21 producing documents subject to this Order will designate Discovery Materials as

22 Confidential unless a particularized, specific assessment was made as to each

23 document. Information that is available to the public shall not be designated

24 CONFIDENTIAL.

25    5.    A Party intending to file any Discovery Materials designated as

26 CONFIDENTIAL shall follow the procedures set forth in Local Rule 79-5.2.2.

27 Nothing in this paragraph shall prevent the Producing Party (with the consent of

28 any relevant third-party) from filing materials, including any Expert reports,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1  deposition testimony, or any other Discovery Material designated by the Producing

2  Party as CONFIDENTIAL because of its reference to CONFIDENTIAL documents

3  or information, with the Court and without seal; such filing shall constitute a

4  revocation by the Producing Party of the CONFIDENTIAL designation associated

5  with such Discovery Materials.

6       6.    If any Party determines during the course of this action that this Order

7  does not sufficiently protect the confidentiality of information produced or

8  disclosed, or that this Order should otherwise be modified, it may seek to modify

9  this Order with the agreement of the other Parties.  If such agreement cannot be

10  obtained, any Party may seek modification of this Order by motion to the Court.

11       7.    Discovery Materials designated as CONFIDENTIAL shall not,

12  without the consent of the Designating Party or further Order of the Court, be

13  disclosed or made available in any way to any person other than:

14         a.    attorneys actively working on this case;

15         b.    persons regularly employed or associated with the attorneys

16            actively working on the case, whose assistance is required by

17            said attorneys in the preparation for trial, at trial, or at other

18            proceedings in this case;

19         c.    the Parties in this case;

20         d.    witnesses in the course of deposition or trial testimony where

21            counsel has a reasonable and good faith belief that examination

22            with respect to the document is appropriate in conducting

23            discovery or for trial purposes in this case, and any person who

24            is being prepared to testify where counsel has a reasonable and

25            good faith belief that such person will be a witness in this case

26            and that his examination with respect to the document is

27            necessary in connection with such testimony;

28

e.   Expert witnesses and consultants retained in connection with this case (and persons regularly employed or associated with the expert or consultant who are actively working on the matter), to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

f.   data recovery vendors, graphic consultants or outside copy services;

g.   qualified persons taking stenographic or video testimony involving such material and their necessary clerical personnel;

h.   the Court and its employees ("Court Personnel") in this case;

i.   to any state or federal governmental entity or agency; and

j.   other persons by written agreement of all the Parties or as authorized by the Court.

8.   Prior to disclosing Discovery Materials designated as CONFIDENTIAL to any person listed above (other than the individuals listed in Paragraph 7(a)-(b), (g), and (h)), counsel shall provide such person with a copy of this Protective Order and obtain from such person an on-the-record acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions, or a written acknowledgement (in the form attached as Exhibit A). All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

9.   Nothing in this Order shall prohibit disclosure of a Document designated CONFIDENTIAL to a person identified in such Document as its author, addressee, or person who is designated on the original document to receive a copy. In addition, nothing in this Order shall prohibit disclosure of a Document designated CONFIDENTIAL to a person identified in Discovery Material as having previously received that designated Document. If Discovery Material

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1    designated CONFIDENTIAL makes specific reference to the conduct or statement

2    of a specific person, counsel may discuss such conduct or statement with such

3    person, provided that no portion of the Discovery Material other than that which

4    specifically refers to such person's conduct or statement is revealed.

5         10.    Whenever a deposition involves the disclosure of Discovery Materials

6    designated as CONFIDENTIAL, the portions of the deposition involving the

7    disclosure of Discovery Materials designated as CONFIDENTIAL may themselves

8    be designated CONFIDENTIAL. Such designation shall be made on the record

9    during the deposition whenever possible, but a Party may designate portions of

10   depositions as CONFIDENTIAL after transcription, provided written notice of the

11   page and line numbers being designated as CONFIDENTIAL is given to all counsel

12   of record within thirty (30) days after notice by the court reporter of the completion

13   of the transcript.

14        11.    In the event that a Non-Party or another party produces documents that

15   a Party wishes in good faith to designate as CONFIDENTIAL, the Party wishing to

16   make that designation must do so within thirty (30) business days of receipt, and

17   identify the information by bates label or, where not bates labeled, by document

18   title and page number(s) or page and line number(s). The non-designating parties

19   shall thereafter mark the document or information in the manner requested by the

20   Designating Party and thereafter treat the document or information in accordance

21   with such marking. The Parties shall not make use of any document or information

22   until the time to make a CONFIDENTIAL designation has expired.

23        12.    A Party may object to the designation of particular Discovery

24   Materials designated as CONFIDENTIAL by giving written notice to the

25   Designating Party. If challenged, the written notice shall identify the information to

26   which the objection is made. If the Parties cannot resolve the objection through a

27   meet-and-confer process within ten (10) court days after the time the notice is

28   received, the dispute shall be resolved by motion pursuant to Local Rule 37-2's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1   Joint Stipulation procedure, and it shall be the obligation of the Designating Party

2   to serve on the objecting party its portion of the Joint Stipulation within (5) court

3   days after the conclusion of that meet-and-confer process.  If the Designating Party

4   does not timely serve its portion of the Joint Stipulation, the disputed information

5   shall not be treated as CONFIDENTIAL under the terms of this Protective Order.

6   If a Joint Stipulation is timely served, the disputed information shall be treated as

7   CONFIDENTIAL under the terms of this Protective Order until the Court rules on

8   the motion.  In connection with a motion filed under this provision, the Designating

9   Party shall bear the burden of establishing that good cause exists for the disputed

10  information to be treated as CONFIDENTIAL.

11        13.    Neither the attorney-client privilege nor the work product protection is

12  waived by inadvertent disclosure connected with this litigation.  The inadvertent

13  disclosure by a Producing Party of privileged or protected documents, information,

14  or materials in this litigation as part of a production shall not itself constitute a

15  waiver for any purpose.  A Producing Party which seeks the return of documents

16  under this paragraph may claw back the documents that should have been withheld

17  on the basis of the attorney-client and/or work product protection.  Upon receipt of

18  such a request for return, the Party to whom the documents were produced must

19  segregate the documents (and all copies thereof) and may return, sequester, or

20  destroy them within five (5) business days, unless the Party seeks to challenge the

21  request for return under the procedure described in Paragraph 14, below.  All

22  images of withheld privileged information and any notes or communications

23  reflecting the content of such documents shall either be destroyed or sequestered.

24        14.    The Receiving Party may, within thirty (30) business days of receiving

25  a request for return under Paragraph 13, seek an order from the Court directing the

26  production of the document on the ground that the claimed privilege or protection is

27  invalid or inapplicable.  However, the inadvertent production of the document in

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1   the course of this action shall not constitute grounds for asserting invalidity or

2   waiver of the privilege or protection.

3        15.    Nothing in this Protective Order overrides any ethical responsibilities

4   of any attorney to refrain from examining or disclosing materials that the attorney

5   knows or reasonably should know to be privileged and to inform the Producing

6   Party that such materials have been produced.

7        16.    At the conclusion of this case, and any appeal, and upon written

8   request by the Designating Party, each document and all copies thereof which have

9   been designated as CONFIDENTIAL shall be returned to the Party or Non-Party

10  that designated it CONFIDENTIAL, or the Receiving Party may elect to destroy

11  the information.  Where the Parties agree to return the information designated

12  CONFIDENTIAL, the returning Party shall provide all Parties a written

13  certification of counsel confirming that all information designated

14  CONFIDENTIAL has been returned.  Where the Parties agree to destroy

15  information designated as CONFIDENTIAL, the destroying Party shall provide all

16  Parties with a written certification of counsel confirming the destruction of all

17  information designated as CONFIDENTIAL.  This provision shall not preclude the

18  Parties from maintaining for their records a secured electronic copy of any

19  document that is designated as CONFIDENTIAL in this case.

20       17.    This Protective Order shall not be deemed or construed as a waiver of

21  any right to object to the furnishing of information in response to any discovery

22  request.  Nor shall this Protective Order be deemed or construed as a waiver of the

23  attorney-client, work product, or any other privilege, or of the rights of any Party,

24  person or entity to oppose the production of any documents or information on any

25  permissible grounds.  Further, this Protective Order does not limit, restrict or

26  otherwise affect the ability of any Party to seek the production of documents,

27  testimony or information from any source.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

18.   Neither this Protective Order nor a Party's designation of particular Discovery Materials as CONFIDENTIAL affects or establishes the admissibility or waiver of any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

19.   If any party in possession of information designated as CONFIDENTIAL is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of information designated as CONFIDENTIAL, the Receiving Party shall give written notice, by electronic mail, to the undersigned counsel for the party that produced the information designated as CONFIDENTIAL, within five (5) business days of receipt of the subpoena. To the extent permitted by applicable law, the Receiving Party shall not produce any of the Producing Party 's information designated as CONFIDENTIAL for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party provides written notice to the Receiving Party that it opposes production of its information designated as CONFIDENTIAL, the Receiving Party shall not thereafter produce such information, except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of information designated as CONFIDENTIAL. This Protective Order does not require the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of information designated as CONFIDENTIAL covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

1       20.   This Order applies only to pre-trial proceedings and does not apply to

2   use at trial of Discovery Material marked as CONFIDENTIAL.  If the parties have

3   not reached agreement as to confidentiality of a listed trial exhibit, the Party that

4   designated the Discovery Material as CONFIDENTIAL may file a motion for

5   protective order with regard to the confidentiality of the Discovery Material at trial

6   within ten (10) days after service of the other Party's list of trial exhibits in their

7   pre-trial submissions. To the extent any Discovery Material designated as

8   CONFIDENTIAL pursuant to the terms of this Order is proposed for use at trial,

9   but was not listed as a trial exhibit prior to trial, the parties shall attempt to resolve

10  any issues regarding such confidentiality by agreement (which, if the agreement

11  provides the document will be treated as Confidential at trial, shall be approved by

12  the Court) or, if no agreement can be reached, by asking the Court to address the

13  issue prior to the introduction of the document as evidence.

14      21.   The terms of this Protective Order shall survive the termination of this

15  action, and all protections of this Protective Order shall remain in full effect in

16  perpetuity.

17      22.   The Court retains the right to allow, sua sponte or upon motion,

18  disclosure of any subject covered by this Order or to modify this Order at any time

19  in the interests of justice.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

**IT IS SO STIPULATED AND APPROVED.**

DATED:  September 18, 2018

FRANK SIMS & STOLPER LLP
Jason M. Frank
Scott H. Sims
Andrew D. Stolper

FRANKLIN D. AZAR & ASSOCS. PC
Jonathan S. Parrott
Franklin D. Azar
Paul R. Wood

By  /s/ Scott H. Sims
Scott H. Sims

Attorneys for Plaintiffs
FELIPE YBARRA and
CESARIO SERRATO

DATED:  September 18, 2018

MORGAN, LEWIS & BOCKIUS LLP
Lisa Veasman
Brian T. Ortelere
Donald L. Havermann
Sean K. McMahan

By  /s/ Sean K. McMahan
Sean K. McMahan

Attorneys for Defendants
BOARD OF TRUSTEES OF
SUPPLEMENTAL INCOME
TRUST FUND; RICHARD
BARBOUR; ROME A. ALOISE;
KEITH FLEMING; CARLOS
BORBA; and CLARK RITCHEY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  9/18/18

Hon. Charles F. Eick
U.S. Magistrate Judge

STIPULATED PROTECTIVE AND
CONFIDENTIALITY ORDER
CASE NO. 8:17-CV-02091

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____[date] in the case of *Ybarra, et al. v. Board of Trustees of Supplemental*

*Income Trust Fund, et al.*, Civil Action No. 8:17-cv-02091 (C.D. Cal.). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order. I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action. I hereby appoint _____

_____ [print or type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

ACKNOWLEDGEMENT
CASE NO. 8:17-CV-02091